# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

SCOTT CARL SMITH,

    Plaintiff,

vs.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

    Defendant.

No. 20-CV-53-CJW-KEM

**ORDER**

_____

## I.    INTRODUCTION

This case is before the Court on a Report and Recommendation ("R&R") filed by the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge. (Doc. 25). Judge Mahoney recommends that the Court reverse and remand the decision rendered by the Commissioner of Social Security ("the Commissioner") denying Scott Carl Smith's ("claimant") application for disability insurance ("DI") benefits under Title II of the Social Security Act, 42 United States Code, Sections 401–434 and supplemental security income ("SSI") benefits under Title XVI of the Social Security Act, 42 United States Code, Sections 1381–1383f. Neither party has objected to the R&R. The deadline for such objections has expired.

## II.    APPLICABLE STANDARDS

### A.    *Judicial Review of the Commissioner's Decision*

The Court must affirm the Commissioner's decision "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . .").

"Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The Court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the Court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th

Cir. 2008)). This is true even in cases where the Court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The Court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*,

3

Case 1:20-cv-00053-CJW-KEM   Document 26   Filed 10/12/21   Page 3 of 7

333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

Claimant suffers from a mental health disorder and alcohol- and substance-abuse issues. (Doc. 15). He was imprisoned from February 2014 to November 2015 for driving while intoxicated. (AR 474). Upon release from prison, claimant began working full-time as a welder. (AR 434, 439, 474). On December 5, 2016, claimant was involved in a single-vehicle accident after suffering a seizure. (AR 565). He had not been taking his medications and had been drinking. (AR 610-11). Claimant had still not been cleared by his mental health providers to return to work by January 2017. (AR 612).

On January 30, 2017, claimant filed applications for DI and SSI benefits, asserting an onset date of December 5, 2016. (AR 11). The Social Security Administration denied his application in July 2017 and again on reconsideration in December 2017. (AR 11). On March 25, 2019, an ALJ conducted a hearing at which claimant and a vocational expert ("VE") testified. (AR 11, 35-36, 54-55). On April 19, 2019, the ALJ found claimant suffered from several severe impairments, including drug abuse, alcohol abuse, depression, nervous system disorder, and obesity. (AR 14). The ALJ determined that claimant suffered marked limitations in interacting with others and in concentrating, persisting, or maintaining pace. (AR 15-16). Nevertheless, the ALJ found that if claimant stopped the substance abuse he would not be disabled. (AR 16-17). Claimant

appealed and was denied by the Appeals Council on March 26, 2020. (AR 1-4). Claimant then filed a timely complaint in this Court. (Doc. 3).

In his brief, claimant asserts that substantial evidence does not support the ALJ's determination that drugs and alcohol abuse are a contributing factor material to the disability determination. He also challenges the weight the ALJ assigned to the medical opinions. Last, claimant argues the ALJ erred by failing to consider whether claimant's impairments would meet or equal the "paragraph C" criterial of the mental disorder listings in the absence of substance abuse.

In evaluating whether substantial evidence supported the ALJ's finding, Judge Mahoney carefully examined the record pertaining to claimant's conduct, work performance, abuse of substances, his interaction with his employer, and his treatment history. (Doc. 25, at 6-11). Judge Mahoney also considered evidence in the record not available to the ALJ. (*Id.*, at 11). Judge Mahoney found that the treatment records did "not support the ALJ's materiality finding," and that "the ALJ seemed to conflate the materiality substance-abuse inquiry with [claimant's] medication noncompliance[.]" (*Id.*, at 13-14). Judge Mahoney found that the record shows that claimant's noncompliance was attributable to his mental illness and that by failing to recognize this, the ALJ erred. (*Id.*, at 14-15). Thus, Judge Mahoney recommended finding that substantial evidence does not support the ALJ's finding that claimant's substance-abuse issues were a material factor contributing to the step-three finding that claimant suffered marked limitations in concentration, persistence, or pace, and in interacting with others. (*Id.*, at 15).

In evaluating the weight the ALJ afforded to claimant's treatment provider, Dr. Whitters, Judge Mahoney again thoroughly reviewed the record. (*Id.*, at 16). Judge Mahoney noted that the ALJ rejected Dr. Whitter's opinion that claimant's substance abuse did not contribute to claimant's mental limitations because the ALJ found it inconsistent with the record. (*Id.*, at 16). Given Judge Mahoney's conclusion that

5

substantial evidence did not support the ALJ's conclusion that claimant's substance abuse contributed to claimant's limitations, Judge Mahoney recommended the Court find the ALJ erred in the weight afforded to Dr. Whitter's opinion. (*Id.*, at 17).

Last, Judge Mahoney considered claimant's argument that the ALJ erred by failing to consider whether in the absence of substance abuse claimant's impairments met or equaled the "paragraph C" criterial of Listing 12.04 (governing depressive, bipolar, and related disorders). (*Id.*, at 17-19). Here, Judge Mahoney found that "the ALJ did not consider whether [claimant's] lack of compliance was caused by his mental disorder" and "did not make any findings related to paragraph (C)(2)[.]" (*Id.*, at 19). Because Judge Mahoney found "there is at least some evidence in the record to support that [claimant] meets or equals paragraph (C)(2)," the ALJ's error cannot be said to be harmless. (*Id.*). Thus, Judge Mahoney recommends finding that the ALJ committed reversible error by failing to address whether claimant's impairments, in the absence of substance abuse, met or equaled the paragraph C criterion of Listing 12.04. (*Id.*).

## IV. DISCUSSION

Because the parties did not object to the R&R, the Court reviewed it for clear error. Judge Mahoney applied the appropriate legal standards in assessing claimant's objections. Based on the Court's review of the record, the Court finds no error—clear or otherwise—in Judge Mahoney's factual or legal findings. As such, the Court **adopts** the R&R in its entirety.

## V. CONCLUSION

For these reasons:

1. The Court **accepts** Judge Mahoney's R&R (Doc. 25) without modification. *See* 28 U.S.C. § 636(b)(1).

2. In accord with Judge Mahoney's recommendation:

a. The Commissioner's determination is **reversed** and this matter is **remanded** to the Commissioner for further proceedings as described by Judge Mahoney.

b. Judgment shall enter in favor of claimant and against the Commissioner.

c. If claimant wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED** this 12th day of October, 2021.

_____
C.J. Williams
United States District Judge
Northern District of Iowa